**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dianna Madison, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.   16 C 3959 |
| | ) | |
| LVNV Funding, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dianna Madison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Dianna Madison ("Madison"), is a citizen of the State of Iowa, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank/Sears account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.      Defendant LVNV is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant LVNV conducts business in Illinois.

7.      Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant LVNV acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.      Ms. Madison is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank/Sears account (account ending in 7878).  At some point in time after that debt became delinquent, Defendant LVNV allegedly bought Ms. Madison's Citibank/Sears debt, and when Defendant began trying to collect this debt from her, she sought the assistance of

legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

9.      Specifically, Defendant LVNV had another debt collector, United Collection Bureau ("UCB"), demand payment of the Citibank/Sears debt from Ms. Madison by sending her a collection letter dated February 3, 2009.  A copy of this letter is attached as Exhibit C.

10.     Accordingly, on March 5, 2009, one of Ms. Madison's legal aid attorneys at LASPD informed Defendant LVNV through its agent, UCB, that Ms. Madison was represented by counsel, and directed Defendant LVNV to cease contacting her, and to cease all further collection activities because Ms. Madison was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Nonetheless, Defendant LVNV then had another debt collector, First National Collection Bureau, send Ms. Madison a collection letter, dated November 23, 2015, demanding payment of the Citibank/Sears debt.  A copy of this letter is attached as Exhibit E.

12.     Accordingly, on January 22, 2016, Ms. Madison's LASPD attorney had to send Defendant LVNV yet another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Madison's agent/attorney, LASPD, told Defendant LVNV to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant LVNV violated § 1692c(c) of the FDCPA.

18.     Defendant LVNV's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant LVNV knew, or readily could have known, that Ms. Madison

was represented by counsel in connection with her debts because her attorneys at

LASPD had informed Defendant, in writing, that Ms. Madison was represented by

counsel, and had directed a cessation of communications with Ms. Madison (Exhibit D).

By directly sending Ms. Madison the November 23, 2015 collection letter (Exhibit E),

despite being advised that she was represented by counsel, Defendant LVNV violated §

1692c(a)(2) of the FDCPA.

22.      Defendant LVNV's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Dianna Madison, prays that this Court:

1.      Find that Defendant LVNV's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Madison, and against Defendant LVNV,

for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Dianna Madison, demands trial by jury.

Dianna Madison,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  April 1, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com